UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MARIO ZANGHI,

                Petitioner,                DECISION AND ORDER

vs.                                                       99-CV-6293 (CJS)

MICHAEL McGINNIS,

                Respondent.

_____

This matter is now before the Court on Defendant Mario Zanghi's motion seeking relief from judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure. Mot. for Relief, Aug. 19, 2021, ECF No. 36. For the reasons stated below, Zanghi's motion [ECF No. 36] is denied.

## BACKGROUND

In its 2005 decision denying Zanghi's first petition for habeas relief pursuant to 28 U.S.C. § 2254, the Court summarized the background of his case:

> Petitioner was convicted after a jury trial on June 21, 1996 of murder in the second degree, N.Y. Penal Law § 125.25-2 (1996) (count 2) (depraved indifference murder), criminal possession of a weapon in the second degree, N.Y. Penal Law § 265.03 (1996) (count 3), criminal possession of a weapon in the third degree, N.Y. Penal Law § 265.02 (1996) (count 4), and reckless endangerment in the first degree, N.Y. Penal Law § 120.25 (1996) (count 5). He was acquitted on count 1 charging intentional murder. Petitioner was sentenced as a second violent felony offender to 25 years to life in prison on count 1, 7½ to 15 years on count 3, 3½ to 7 years on count 4, and 3½ to 7 years on count 5. The sentences for counts 2, 3 and 4 were ordered to run concurrently with each other, but the sentence on count 5 was ordered to run consecutively to the others. On December 31, 1998, petitioner appealed from his conviction, listing eleven points in his brief to the appellate court, which unanimously affirmed the conviction. *People v. Zanghi*, 256 A.D.2d 1120, 684 N.Y.S.2d 804 (N.Y. App. Div. 1998). The

New York State Court of Appeals subsequently denied his request for leave to appeal. *People v. Zanghi*, 93 N.Y.2d 881, 689 N.Y.S.2d 443, 711 N.E.2d 657 (N.Y. 1999).

*Zanghi v. McGinnis*, No. 99-CV-6293 (CJS), 2005 WL 3241857, at *2 (W.D.N.Y. Nov. 30, 2005). After carefully considering each of Zanghi's twelve claims in his petition, the Court denied the petition and dismissed the action. *Id.* at 21.

On August 19, 2021, Zanghi filed the instant motion seeking relief under Rule 60(b)(6) from the Court's 2005 judgment. Mot. for Relief, ECF No. 36. He argues that he is entitled to relief under the recent Supreme Court case of *Borden v. United States*, 141 S. Ct. 1817 (2021), which he construes as standing for the proposition that "a depraved indifference offense with a *mens rea* of recklessness do[es] not qualify as [a] violent offense." Mot. for Relief at ¶ 8–9. Zanghi therefore maintains that his conviction and sentence as a second violent felony offender, despite the jury's finding of a *mens rea* of recklessness for his crimes, violated federal and state law, as well as his due process rights under the Constitution. Mot. for Relief at ¶ 10. He indicates that he is entitled to "a mandatory resentencing" for a non-violent felony offense. *Id.*

## ANALYSIS

Zanghi is *pro se*, and as such the Court is required to read his submissions liberally, and interpret them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted). Nevertheless, the Court finds that it does not have jurisdiction to consider Zanghi's claim.

As an initial matter, as a recent case in another court in this Circuit observed in a similar context, "Petitioner misstates the holding of *Borden*. That case held that, for the purposes of the Armed Career Criminal Act (ACCA), an offense with only the *mens rea*

2

element of recklessness does not qualify as a 'violent felony.' *See Borden*, 141 S. Ct. at 1834. It did not hold that such state law classifications were themselves 'unconstitutional.'" *Figueroa v. Walsh*, No. 00-CV-1160 (NGG), 2022 WL 843732, at *1 (E.D.N.Y. Mar. 22, 2022). The Court agrees with this analysis, and finds that the Supreme Court's holding in *Borden* is not applicable to Zanghi's case, because he was not convicted under ACCA, or any other federal statute. *Id.*

More to the point, the Supreme Court has clearly explained the relationship between Rule 60(b) and habeas petitions pursuant to 28 U.S.C. § 2254:

> Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only "to the extent that [it is] not inconsistent with" applicable federal statutory provisions and rules. 28 U.S.C. § 2254, Rule 11; *see* Fed. Rule Civ. Proc. 81(a)(2). The relevant provisions of the AEDPA-amended habeas statutes, 28 U.S.C. §§ 2244(b)(1)-(3), impose three requirements on second or successive habeas petitions: First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3).

*Gonzalez v. Crosby*, 545 U.S. 524, 529–30 (2005) (footnote omitted).

Here, Zanghi's filing is clearly a "claim" under 28 U.S.C. § 2244(b), rather than a Rule 60(b) motion. A "claim" as used in § 2244(b) is an "asserted federal basis for relief from a state court's judgment of conviction." *Gonzalez*, 545 U.S. at 530. Although Zanghi styles the instant submission as a Rule 60(b) motion for relief from this Court's judgment in his habeas proceeding, Zanghi's challenge is actually to his conviction and sentence as a second violent felony offender in New York state court. *See* Mot. at ¶ 10 ("[t]he

3

conviction/sentence here was obtained in violation of petitioner's . . . due process rights . . .").

Consequently, Zanghi is subject to the requirement in § 2244(b)(3) to obtain an order from "the appropriate court of appeals" which authorizes this Court to consider Zanghi's second or successive habeas application. Without such authorization from the Second Circuit, this Court lacks jurisdiction over Zanghi's claim. *Figueroa*, 2022 WL 843732, at *1. If he wishes to pursue the claim, Zanghi must first apply to the Second Circuit for leave to file a second or successive § 2254 petition.

## CONCLUSION

Accordingly, Zanghi's motion for relief from judgment [ECF No. 36] is denied. Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability, since Zanghi has not made a substantial showing of the denial of a constitutional right. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal in forma pauperis should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

DATED:   April 4, 2022
         Rochester, New York

CHARLES J. SIRAGUSA
United States District Judge